1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LYNN DALSING,

                                    Plaintiff,

        v.

PIERCE COUNTY, a Municipal
Corporation, et al.,

                                    Defendants.

Case No. 3:15-cv-05520-BHS

DEFENDANTS' RULE 12(C) MOTION
TO DISMISS

NOTE ON MOTION CALENDAR:
*September 11, 2015*

## I.      INTRODUCTION

Plaintiff's federal claims are barred by absolute prosecutorial immunity. Plaintiff alleges Defendant prosecutors deliberately withheld exculpatory evidence, knowingly lied to a state court, and used the threat of criminal sanctions to gain the upper hand in a politically damaging civil lawsuit. Although Defendants strongly dispute these allegations, and have denied them in their answer, they recognize that for purposes of this motion, the Court should accept all of those as true. However, even where a prosecutor's charging decision was motivated by the prospect of selfish gains, prosecutorial immunity still applies. *See Reasonover v. St. Louis County, Mo.,* 447 F.3d 569, 580 (8th Cir.2006) (a prosecutor's absolute immunity "is not defeated by allegations of malice, vindictiveness, or self-interest.").

Therefore, Pierce County (the "County") respectfully requests the Court enter

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

1    judgment on this matter in the County Defendants' favor based on the pleadings. *See* Fed.

2    R. Civ. P. 12(c).

3                        **II.    PROCEDURAL HISTORY**

4          On March 14, 2012, Plaintiff filed a civil complaint in King County Superior Court

5    alleging false arrest and malicious prosecution. *Decl. of Richard B. Jolley,* Ex. A, "*Dalsing*

6    I" Complaint.[1]  Pierce County removed the case, but it was remanded by the Honorable

7    Judge Ronald Leighton after Plaintiff successfully argued, among other things, "[T]his case

8    was filed with no federal claim for relief and involves no dispositive federal question."

9    *Lynn Dalsing v. Pierce County*, No. 3:12-cv-05306, Dkt. No. 8, 2:20-13 (W.D. Wash.,

10   April 11, 2012).  That lawsuit has been the subject of nearly 400 docket entries and rounds

11   of state appellate court briefing.  That case is still pending and has a January 23, 2017

12   trial date.

13         On July 28, 2015, Plaintiff filed a second lawsuit ("*Dalsing* II") in federal court

14   against Pierce County and its agents[2] alleging claims under 42 U.S.C. § 1983.[3] *Dalsing* II

15   contains, *inter alia*, a federal malicious prosecution claim and two supervisory liability

16   theories. The County seeks dismissal of that second lawsuit in this Motion.

17                        **III.    STATEMENT OF FACTS**

18         Plaintiff's *Dalsing* II complaint included "Background Facts." Defendants repeat

19   those here only to refresh the Court's recollection of this case since the *Dalsing* I remand:

20             5.1    Background Facts – False Arrest and First Prosecution without
               Probable Cause. Plaintiff Lynn Dalsing, was falsely arrested and
21             maliciously prosecuted in 2010 and 2011, based on false allegations by
               Pierce County Sheriff's detectives and false and deceptive information
22             contained in the Declaration for Determination of Probable Cause. The
               false   and   misleading   allegations   centered   on   one   photograph.
23

24   [1] The Court can take judicial notice of the *Dalsing I* complaint. *See* Fed. R. Evid. 201.
     [2] This time two specific agents were named as individual defendants: elected Prosecutor Mark
25   Lindquist (Prosecutor Lindquist) and Deputy Prosecuting Attorney Jared Ausserer (DPA Ausserer).
     [3] Plaintiff's claim splitting is a naked attempt to divest the federal court of jurisdiction over the full
26   subject matter of the case and to force the County to defend this case on two fronts. Defendants
     reserve the right to file a future motion on that basis if the Court does not dismiss this case on
27   prosecutorial immunity.

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

> Exculpatory information was withheld from Plaintiff's criminal defense attorney. Eventually the photograph used to prosecute Ms. Dalsing was conclusively determined to be from the "Felisha" Series and did not involve Lynn Dalsing. On July 13, 2011, the false and baseless charges were dismissed "without prejudice."

*Complaint (Redacted)* Dkt. No. 3, at ¶ 5.1.

### A.   The *Dalsing* II Complaint is a Motive-Based Attack on Pierce County's Charging Decision.

Plaintiff advances the following allegations in *Dalsing II* of absolutely immune conduct:

- Pierce County prosecuted Lynn Dalsing and violated her civil rights in the process. Dkt. No. 3, *Dalsing* II Complaint, ¶ 1.1.

- Jared Ausserer set forth falsehoods in a Declaration for Determination of Probable Cause and withheld exculpatory evidence. *Id.* at ¶ 1.1.

- The criminal case against Lynn Dalsing was dismissed as a vindictive prosecution. *Id.* at ¶ 1.1.[4]

- Prosecutor Lindquist ratified the actions of Deputy Prosecutor Ausserer. *Id.* at ¶ 1.1.

- Pierce County is liable for the actions of its agents. *Id.* at ¶ 2.4.

- Plaintiff filed a civil lawsuit stemming from a misidentification, her arrest, and subsequent incarceration. *Id.* at ¶ 5.2.

- The criminal investigation against Lynn Dalsing was re-opened by civil and criminal prosecutors that were upset about discovery rulings in the civil case. *Id.* at ¶ 6.1.

- Pierce County asked Snohomish County to take over the prosecution. *Id.* at ¶ 6.2. Snohomish County declined to prosecute. *Id.* at ¶ 6.3.

- Deputy Prosecutor Ausserer submitted his third declaration in the civil suit, stating the investigation continued despite Snohomish County's decline. *Id.* at ¶ 6.4.

- Further technical review indicated that Lynn Dalsing should not have been implicated in any criminal activity whatsoever. *Id.* at ¶ 6.6.

---

[4] This ruling is on appeal with Division I of the Washington State Court of Appeals and should not be accepted as fait accompli.

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

- Prosecutor Lindquist told Deputy Prosecutor Ausserer to file a Supplemental Declaration for Probable Cause that withheld exculpatory details, including: emails from other Pierce County employees that showed they were already aware of statements being made by one of the minor victims to her counselor; the case had been declined by Snohomish County; that a civil attorney for Pierce County obtained statements from one of the men that pled guilty to sexually abusing the children; the child interviews contained exculpatory evidence or were otherwise equivocal; and technical experts could not link Plaintiff to criminal activity on the computer. *Id.* at ¶ 6.8.

- After the dismissal for vindictiveness, Prosecutor Lindquist directed an appeal of the criminal ruling in order to gain an advantage in the civil matter. *Id.* at ¶ 6.10.

- Plaintiff pled four "causes of action"[5]: malicious prosecution against Deputy Prosecutor Ausserer under 42 U.S.C. § 1983 in violation of Plaintiff's First, Fourth, and Fourteenth Amendment rights; supervisory liability against Prosecutor Lindquist under 42 U.S.C. § 1983 in violation of Plaintiff's First, Fourth, and Fourteenth Amendment rights; official liability of Prosecutor Lindquist and Pierce County under 42 U.S.C. § 1983; abuse of process against Pierce County under state tort law. *Id.* at ¶¶ 7.1-7.4.

For purposes of this motion only, the Court should accept all of these allegations at true. *See* Fed. R. Civ. P. 12(c). Even if they had been true, dismissal is appropriate under the doctrine of absolute prosecutorial immunity.

## IV.    LEGAL STANDARD

At the close of the pleadings, a party may move for judgment on the pleadings. Fed.R.Civ.P. 12(c). A judgment on the pleadings is properly granted when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law. *Milne ex rel. Coyne v. Stephen Slesinger, Inc.,* 430 F.3d 1036, 1042 (9th Cir.2005).

In a motion under Rule 12(c), a court may consider "material which is properly submitted as part of the complaint" without converting the motion to dismiss into a motion for summary judgment. *Cooper v. Bell,* 628 F.2d 1208, 1210 n. 2 (9th Cir.1980); *U.S. v. Ritchie,* 342 F.3d 903, 908 (9th Cir.2003). A court may also take judicial notice of matters of public record. Fed. R. Evid. 201(b) (matter may be judicially noticed if it is either

---

[5] This phrase is in quotes because some of the claims listed are not independent causes of action. Again, that is an argument for another day.

**KEATING, BUCKLIN & MCCORMACK, INC., P.S.**
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

"generally known within the territorial jurisdiction of the trial court" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."). Accordingly, Defendants respectfully request the Court consider only Plaintiff's complaint, exhibits attached thereto (most notably Exhibit 5 at Dkt. No. 3-1, 21-27), and matters of public record (*e.g.*, the *Dalsing* I complaint). This will permit the Court to consider the County's motion as one for judgment on the pleadings rather than for summary judgment.

The pleadings are closed. This case is ripe for dismissal.

## V.      LEGAL AUTHORITY

This lawsuit should be dismissed on absolute prosecutorial immunity grounds.

### 1.      The Pierce County's Prosecutors are Absolutely Immune from Suit.

The leading case on the scope of prosecutorial immunity is *Imbler v. Pachtman*, 424 U.S. 409 (1976), in which the complaint, filed under § 1983, alleged that the prosecutor knowingly introduced perjured testimony. The Supreme Court held the prosecutor was absolutely immune from a § 1983 suit for damages for his quasi-judicial activity. *Id.* at 430-31. In so holding, the Supreme Court concluded that the public trust of the prosecutor's office would suffer if the prosecutor, in making his or her decisions, were constrained by the threat of potential liability in a suit for damages. *Id.* at 424-25. The Court relied on a statement by Judge Learned Hand:

> As is so often the case, the answer must be found in a balance between the evils inevitable in either alternative. In this instance it has been thought in the end better to leave unredressed the wrongs done by dishonest officers than to subject those who try to do their duty to the constant dread of retaliation.

*Id.* at 428.

In striking that balance, the *Imbler* court held that a prosecutor is absolutely immune from suit for damages under § 1983 for alleged violations committed in "initiating a prosecution and in presenting the state's case."   *Id.* at 430–31. Prosecutors are also "absolutely immune from liability under section 1983 for conduct that is 'intimately

DEF'S MOT. TO D.M.- 5
3:15-cv-05520-BHS
1114-00006/178116

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

associated with the judicial phase of the criminal process.'" *Burns v. Reed,* 500 U.S. 478, 486 (1991) (quoting *Imbler,* 424 U.S. at 431). "[T]he official seeking absolute immunity bears the burden of showing that such immunity is justified for the function in question[.]" *Burns v. Reed,* 500 U.S. 478, 486 (1991).

Later case law clarified that "[a]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial which occur in his [or her] role as an advocate for the State, are entitled to the protections of absolute immunity." *Buckley v. Fitzsimmons,* 509 U.S. 259, 273 (1993).

Pierce County respectfully suggests the focus of the Court's analysis should be on the verbs Plaintiff used in her complaint. *See Forrester v. White,* 484 U.S. 219, 229, 108 S.Ct. 538, 545, 98 L.Ed.2d 555 (1988) (the absolute immunity defense depends on "the nature of the *function* performed, not [on] the identity of the actor who performed it.") (emphasis added). Under this functional test, each act complained of in *Dalsing* II is subject to absolute prosecutorial immunity. That remains the case no matter how distasteful the allegations are of the purported motives behind those actions. Such immunity applies even if it leaves "the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986).

There are three major categories of claims advanced in Plaintiff's complaint: (a) the Defendant prosecutors re-filed criminal charges against Plaintiff because she filed a civil lawsuit against the County; (b) the Defendant prosecutors lied to the state criminal court in certifying probable cause; and (c) the Defendant prosecutors withheld exculpatory evidence from the state criminal court to keep the criminal case alive. All of these categories are protected by the well-established tenets of absolute prosecutorial immunity. Defendants address each category in turn.

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

a.    <u>County Prosecutors' Charging Decision Was Absolutely Protected.</u>

At its core, Plaintiff's complaint is a challenge to the charging decision made by Defendants after she filed her civil lawsuit (*Dalsing* I). Plaintiff's essential allegation on the charging decision can be found at paragraph 6.7 of her complaint in the instant case:

> On March 25, 2014, the Court of Appeals, by a 3 judge panel ruling, upheld the Appellate Court Commissioner's ruling denying discretionary review of Judge Andrus' discovery order. At that point, DPA Ausserer was called back from leave and, on March 27, 2014, and Ausserer wrote and signed his "Supplemental Declaration for Determination of Probable Cause" (Exhibit 5) in the original criminal case, *State v. Lynn Dalsing,* Pierce County Cause # 10-1- 05184-0. On information and belief, Plaintiff Lynn Dalsing alleges that Prosecutor Lindquist directed Ausserer to return to the office from leave and prepare his Declaration as the basis for bringing renewed criminal charges, in order to gain advantage in the civil suit.

*Dkt. No. 3.* In other words, the Defendant prosecutors supposedly conspired to re-file bogus criminal charges to get back at Plaintiff for winning a victory at one stage in the yet completed appellate process and to gain an advantage in her civil case. Even assuming such an odd and evil motivation, the charging decision is still protected by absolute prosecutorial immunity.

As noted, it is well-settled that "prosecutors are absolutely immune from liability under § 1983 for their conduct in 'initiating a prosecution and in presenting the State's case,' insofar as that conduct is 'intimately associated with the judicial phase of the criminal process." *Burns,* 500 U.S. at 486 (quoting *Imbler,* 424 U.S. at 430–31). Charging decision protection is central to prosecutorial immunity, *irrespective of any evil or improper motive. See Imbler,* 424 U.S. at 431. The irrelevance of motive is what separates absolute and qualified immunities:

> The procedural difference between the absolute and the qualified immunities is important. An absolute immunity defeats a suit at the outset, so long as the official's <u>actions</u> were within the scope of the immunity. The fate of an official with qualified immunity depends upon the circumstances and <u>motivations of his actions</u>, as established by the evidence at trial.

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

*Imbler*, 424 U.S. at n. 13 (emphasis added). If the Defendant prosecutors' absolute charging immunity is to have any meaning at all, it must be applied when a plaintiff like Ms. Dalsing is alleging the worst possible motivations for the charging decision.

Therefore, the essence of Plaintiff's complaint (the improperly motivated charging decision) is barred by absolute prosecutorial immunity. That claim should be dismissed. *See Imbler,* 424 U.S. at 430–31.

        b.      <u>The County Prosecutors' Alleged Courtroom (Mis)Representations Are Absolutely Protected.</u>

The other category of Plaintiff's complaint is the "judicial deception" theory made against DPA Ausserer. The following is taken from paragraph 1.1. of Plaintiff's complaint:

> Defendant Ausserer engaged in judicial deception by recklessly and intentionally setting forth falsehoods in his Declaration for Determination of Probable Cause concerning critical facts, as well as withholding exculpatory evidence known to Ausserer. DPA Ausserer presented false, misleading and deceptive information to the Pierce County Superior Court to obtain a judicial determination of probable cause.

According to Plaintiff, DPA Ausserer's declaration contained multiple falsehoods, including lying about when Pierce County learned details of a minor victim's mental health records. Plaintiff also alleges DPA Ausserer withheld a plethora of exculpatory evidence in that declaration. ¶ 6.8.

"Judicial deception" is not a recognized exception to absolute prosecutorial immunity.[6] Activities intimately connected with judicial proceedings and for which immunity will apply include making statements that are alleged misrepresentations and mischaracterizations during hearings, during discovery, and in court papers. As the Ninth Circuit has held: "[M]isrepresentations and mischaracterizations in briefs and other court

---

[6] There is a judicial deception claim for law enforcement officers that knowingly or recklessly include false statements in warrant affidavit. That claim is analyzed under qualified immunity, which—unlike absolute prosecutorial immunity—*does* permit analysis of motive. *See Mendocino Envtl. Ctr. v. Mendocino Cnty.*, 14 F.3d 457, 462 (9th Cir. 1994).

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

filings ... all of which occurred during the adjudication of their tax liabilities and as part of the government's presentation of evidence against them, undoubtedly is 'intimately associated with the judicial phases' of the tax litigation." *Fry v. Melaragno,* 939 F.2d 832, 837–38 (9th Cir.1991).

As the Ninth Circuit in *Fry* makes clear, prosecutorial immunity protects the presentation of evidence even where the prosecutor knows that evidence is false. Each of the charges against the prosecutor in *Imbler* involved the alleged knowing use of false testimony at trial and the alleged deliberate suppression of exculpatory evidence. *Imbler*, 424 U.S. at 425. In addition to the protection afforded to a prosecutor's preparation and filing of charging documents, absolute immunity extends to prosecutors appearing in court to present evidence, ***even when the prosecutor knows the information to be false***. *See Burns,* 500 U.S. at 491-92 (prosecutorial immunity applies in claim arising from a probable cause hearing where plaintiff alleged prosecutor deliberately misled the criminal court).

Therefore, Plaintiff's judicial deception claims should be dismissed regardless of the allegation that Defendants deliberately misled the Court for self-interested reasons. [7]

c.   The County Prosecutors' Alleged Failure to Disclose Exculpatory Evidence was Absolutely Protected.

A large part of Plaintiff's complaint is devoted to Defendants' alleged failures to present exculpatory evidence to the Pierce County Superior Court. *Complaint (Redacted)* Dkt. No. 3*, ¶¶* 1.1, 5.1, 6.7, and 6.8. But, as discussed above, absolute immunity applies to a prosecutor's failure to disclose impeachment material even if that failure constitutes a *Brad/Giglio* violation. *Imbler*, 424 U.S. at n. 34 ("Denying absolute immunity from suppression claims could thus eviscerate, in many situations, the absolute immunity from

---

[7] *See also Carlsberg v. Gatzek*, 442 F. Supp. 813, 817 (C.D. Cal. 1977) ("The filing of the PBL complaint...the filing of the allegedly false affidavit, and the inclusion of allegedly false statements in the complaint...are all actions which clearly fall within this area of absolute immunity. The plaintiffs' allegations of malice and of knowledge are irrelevant with regard to these distinctly prosecutorial actions, since no inquiry is made regarding intent, motive or purpose where the immunity is absolute rather than qualified.").

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

claims of using perjured testimony.").[8]

Actions relating to a prosecutor's handling and presentation of evidence are squarely within a prosecutor's advocacy function—and thus entitled to absolute immunity. *See Henderson v. Fisher,* 631 F.2d 1115, 1120 (3d Cir.1980) ("The handling of evidence is clearly within the sweep of 'initiating and presenting the State's case', and the prosecutor is immune from Section 1983 liability for such decisions."). This absolute immunity extends even to claims that prosecutors have deliberately withheld exculpatory evidence.

In *Yarris v. County of Delaware,* 465 F.3d 129, 137 (3d Cir.2006), the Third Circuit explicitly held that the ADAs were "absolutely immune from claims based on allegations that they 'intentionally concealed' exculpatory evidence *prior* to trial."

*Therefore*, all claims made against the prosecutor Defendants on the basis of withholding exculpatory evidence should be dismissed on the basis of absolute prosecutorial immunity. *See generaly, Ybarra v. Reno Thunderbird Mobile Home Village,* 723 F.2d 675, 678 (9th Cir.1984) (deputy district attorney entitled to absolute immunity when he released evidence seized in connection with the prosecution of plaintiff prisoner); *and, Milstein v. Cooley,* 257 F.3d 1004, 1008 (9th Cir.2001) ("This immunity covers the knowing use of false testimony at trial, the suppression of exculpatory evidence, and malicious prosecution.").

    d.    <u>The County Prosecutors' Other Acts Were Traditional Prosecutor Functions.</u>

Prosecutors are entitled to absolute prosecutorial immunity for acts taken in their

---

[8] *See also Warney v. Monroe County,* 587 F.3d 113, 125 (2d Cir.2009) ( "[I]f [during trial] the prosecutors had tested all the evidence, and then sat on the exculpatory results for at least 72 days, they may well have violated *Brady v. Maryland* [373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) ] ...; but they would be absolutely immune from personal liability."). *Pellerin v. Nevada County*, 2013 WL 1284341, at *4 (E.D. Cal. Mar. 28, 2013) (quoting *Broam v. Bogan*, 320 F.3d 1023, 1029, 1030 (9th Cir. 2003))("a prosecutor may be required to obtain, review and evaluate evidence" as part of her trial preparation and her decision "'not to preserve or turn over exculpatory material before trial' in violation of *Brady*, is part of the prosecutorial process and subject to absolute immunity.")

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

official capacity. *Buckley v. Fitzsimmons,* 509 U.S. 259, 273, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993); *Imbler,* 424 U.S. at 430 (prosecutorial immunity protects eligible government officials who perform functions "intimately associated with the judicial phase of the criminal process."). Several of Plaintiff's allegations involve actions that do not fit neatly into the major categories of claims described above, but are intimately associated with the criminal process and are thus subject to absolute prosecutorial immunity.

   i.  ***"Re-opening a criminal investigation"*** is intimately associated with the judicial phase of the criminal process. Plaintiff alleges that "Based on the timing, Plaintiff believes and alleges that the investigation was re-opened in retaliation for Plaintiff's lawsuit, her success in obtaining new information obtained at the Ames deposition, and the success that she achieved in obtaining the discovery rulings from Judge Andrus." Dkt. No. 3, ¶ 6.1. Requesting assistance from law enforcement is a traditional prosecutorial function. *See Imbler*, 424 U.S. at 431 n. 32 (prosecutor's request "police hold off questioning" was "an effort to control the presentation of his witness' testi-mony, a task fairly within his function as an advocate."); *Schmitt v. Langenour*, 162 Wn.App. 397, 407-08, 256 P.3d 1235 (2011)(prosecutor asking police to re-interview a witness to "discuss 'additional infor-mation' about what happened" so as to "determine whether to bring addi-tional charges" is absolutely immune); *Freeman on Behalf of The Sanc-tuary v. Hittle*, 708 F.2d 442, 443 (9th Cir. 1983)(citing *Atkins v. Lanning*, 556 F.2d 485, 488-89 (10th Cir. 1977) ("Investigative functions carried out pursuant to the preparation of a prosecutor's case also enjoy absolute immunity.")(emphasis added); *Davis v. Grusemeyer*, 996 F.2d 617, 631-32 (3rd Cir. 1993), *overruled on other grounds* 155 F.3d 644 (3rd Cir. 1998)(*citing Waits v. McGowan*, 516 F.2d 203, 207 (3rd Cir. 1975) (detective's investigation related to the prosecution of the accused directed by prosecutor absolutely immune). *Florian v. Perkinson*, 05-CV-2067, 2007 WL 1317263, at *9 (D. Ariz. May 4, 2007) ("Not only is there no evidence to support this claim, but plaintiffs fail to describe how [prosecutor] was actually involved in any investigation.").

**KEATING, BUCKLIN & McCORMACK, INC., P.S.**
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

Defendant prosecutors directed law enforcement to investigate developments in the case. That is a protected, quasi-judicial act even if it is alleged that the re-opening was the result of "retaliation" as Plaintiff contends.

**ii. "*Recognizing and ignoring a conflict of interest*"** is protected by absolute prosecutorial immunity. *See* Dkt. No. 3, ¶ 6.2-6.8.

The history of the case of *Beard v. Udall,* 648 F.2d 1264 (9th Cir.1981) is instructive on this point. In *Beard* a county prosecutor was held not to be absolutely immune where he was alleged to have knowingly filed false criminal charges in order to influence a civil case he had brought on behalf of a private client, 684 F.2d at 1267, 1271, yet the Ninth Circuit overturned *Beard* in *Ashelman v. Pope,* 793 F.2d 1072 (9th Cir.1986). *Beard* in *Ashelman v. Pope,* 793 F.2d 1072 (9th Cir.1986). In *Beard,* the court had found that a prosecutor who filed criminal charges to gain an advantage in a private civil representation was acting beyond the scope of his authority and was not entitled to absolute immunity. 648 F.2d at 1271. The court reasoned that a prosecutor with a conflict of interest is in a poor position to act impartially, and that absent impartiality, there should be no absolute immunity. *Id.* In *Ashelman,* however, the court re-examined that reasoning, and found it to be inconsistent with *Imbler* and with other leading cases.

The Ninth Circuit in *Ashelman* held that it had erred in *Beard* by considering the prosecutor's motive for the challenged conduct, and found that the *Beard* holding improperly allowed the type of harassment of prosecutors that the *Imbler* decision had condemned. *Ashelman,* 793 F.2d at 1077–78. The court concluded that unethical conduct by a prosecutor does not remove the shield of absolute immunity. *Id.* at 1078. Therefore, Plaintiff's ethics-based claims on the Defendant prosecutors' conflict of interest are not actionable and should be dismissed.

**iii. "*Directing an appeal*"** is "intimately associated with the judicial phase of the criminal process." *See generally Burns,* 500 U.S. at 486. Plaintiff claims Prosecutor Lindquist directed DPA Ausserer to file an appeal in the criminal case to "improperly gain

**KEATING, BUCKLIN & McCORMACK, INC., P.S.**
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

advantage in settlement negotiations in the civil case with Lynn Dalsing." Dkt. No. 3, ¶ 6.10. It cannot be rationally disputed that filing an appeal in a criminal case is associated with the judicial phase of the criminal process. Again, the motive for filing that appeal is totally irrelevant to the application of absolute prosecutorial immunity. *Imbler*, 424 U.S. at n. 13.

### 2.    *Kalina* Does Not Apply.

Plaintiff is expected to argue that prosecutorial immunity does not apply because DPA Ausserer filed a sworn declaration in the criminal lawsuit.

The County embraces the proposition that when prosecutors perform administrative or investigative, rather than advocatory, functions they do not receive absolute immunity. In *Kalina v. Fletcher,* 522 U.S. 118, 130–31 (1997), the U.S. Supreme Court held that the prosecutor was not entitled to absolute immunity for acting as a complaining witness.[9]

In *Kalina,* a prosecutor did not have absolute immunity when she acted outside the scope of her duties by "personally vouch[ing] for the truth of the facts set forth" in a certification for determination of probable cause. *Kalina,* 522 U .S. at 131. Unlike the *Kalina* prosecutor, DPA Ausserer did not "personally vouch" for the truth of the underlying information, only that such information was provided to him.

DPA Ausserer signed a certification that was explicitly limited to information provided to him by other sources (law enforcement and the civil prosecutors investigating the civil case in discovery):

> JARED AUSSERER, declares under penalty of perjury:...That I am a deputy prosecuting attorney for Pierce County and I am familiar with the police report and/or investigation conducted by the LAKEWOOD POLICE DEPARTMENT….and PIERCE COUNTY SHERIFF…**That the police report and/or investigation provided me the following information**…[describing information gathered and the sources of that information] [signed on March 27, 2014 by DPA Ausserer]

---

[9] Plaintiff is surely aware of this as evident in her complaint naming DPA Ausserer "in his capacity as the complaining witness and with respect to his investigative acts and functions, only." Dkt. No. 3, ¶ 2.2.

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

Dkt. No. 3-1, Ex. 5, 21-27. It is clear from the text of this document that DPA Ausserer vouched not for the truth of each allegation made in the document but rather for *the truth of the fact that such information was provided to him*. In other words, the form DPA Ausserer presented to the state court confirmed only that the information contained in the document was in-fact provided to the charging agency and supported probable cause, *not* that he personally observed or gathered the evidence presented. That form distinguishes DPA Ausserer's conduct from that of the *Kalina* prosecutor. 522 U.S. at 129 (where the prosecutor "personally attest[ed] to the truth of the averments in the certification").

Division I of the Washington Court of Appeals considered a similar issue when a Federal Way prosecutor was sued after mistakenly filing a criminal complaint against a juvenile in a non-juvenile court. *Tanner v. City of Fed. Way*, 100 Wn. App. 1, 5, 997 P.2d 932, 935 (2000). That prosecutor signed the certification accusing the minor of theft "under penalty of perjury…" *Id.* Just like DPA Ausserer, the Federal Way prosecutor did not have personal knowledge of the offense, and the plaintiff seized on that fact (and *Kalina*) in the civil litigation to follow. The appellate court rejected the argument:

> Further, Wohl's statement was not a sworn statement about Tanner's age or other facts. Instead, Wohl merely certified, as the prosecutor responsible for filing the complaint, that he had reasonable grounds to believe that the accused had committed the cited offense. Initiating and signing a criminal complaint after reviewing evidence provided by a complaining witness are functions that fall squarely within the traditional functions of a prosecutor. Wohl may have mistakenly filed the complaint in the wrong court, but filing complaints in court is a traditional function of the prosecutor acting as an advocate for the State. Wohl is absolutely immune for his conduct in filing the complaint against Tanner. We affirm the trial court's dismissal of Tanner's civil claims against prosecutor Wohl.

*Id.* at 5-6.[10]

Deputy Prosecutor Ausserer was not acting as a complaining witness in submitting a declaration for the determination of probable cause; he was acting a prosecutor for the

---

[10] The Washington Court of Appeal Commissioner agreed Plaintiff's similar state law claim against DPA Lori Kooiman should be dismissed based on *Tanner*.

DEF'S MOT. TO D.M.- 14
3:15-cv-05520-BHS
1114-00006/178116

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

1    County under its standard process for seeking a probable cause finding (*i.e.,* compiling
2    evidence gathered from other sources and presenting it to the state criminal court).
3    Therefore, DPA Ausserer is absolutely immune from suit and should be dismissed from
4    this case.

**3.      Absolute Immunity Precludes a Lawsuit Against Mark Lindquist.**

The essential allegation against Prosecutor Lindquist, taken from paragraph 1.1 of
Plaintiff's complaint:

> Claims against Defendant Lindquist are brought for his directing
> and/or ratifying DPA Ausserer's conduct in investigating and serving as
> the complaining witness in the retaliatory, malicious prosecution that
> was pursued from April 25, 2013 through May 28, 2015, until Pierce
> County Superior Court Judge Ed Murphy dismissed the criminal case
> of   *State vs. Lynn Dalsing* as a vindictive prosecution, and for abuse
> of process in continuing to pursue that case on appeal to gain
> leverage in a related civil law suit, against Pierce County, *Lynn
> Dalsing vs. Pierce County,* King County Cause # 12-2-08659-1-KNT
> (hereafter "the *Dalsing* civil case").

Dkt. No. 3.

Supervisory personnel are generally not liable under § 1983 for the actions of their
employees. *See Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir.1989) (holding that there is no
respondeat superior liability under § 1983). A supervisor is only liable for the constitutional
violations of subordinates if the supervisor participated in or directed the violations. *See id.*
The Supreme Court has rejected the notion that a supervisory defendant can be liable based
on knowledge and acquiescence in a subordinate's unconstitutional conduct because
government officials, regardless of their title, can only be held liable under § 1983 for his or
her own conduct and not the conduct of others. *See Ashcroft v. Iqbal,* 556 U.S. 662, 129
S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). To the extent Plaintiff's claims against
Prosecutor Lindquist are based on his supervision, such allegations fail to state a claim.

To the extent Prosecutor Lindquist it is alleged that directed DPA Ausserer to file
criminal charges against Plaintiff (or an appeal of the vindictiveness order, Dkt. No. 3, ¶
6.10) to gain an advantage in *Dalsing* I, such would not be an administrative act, but rather

**KEATING, BUCKLIN & MCCORMACK, INC., P.S.**
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

one of the traditional functions of a supervising prosecutor—initiating a criminal action. *Burns,* 500 U.S. at 486 (initiating a prosecution is a traditional prosecutorial function).

As discussed at length above, Prosecutor Lindquist's motive is irrelevant. *Imbler*, 424 U.S. at n. 13.  Therefore, Prosecutor Lindquist is entitled to absolute immunity.

### 4.      Absolute Immunity Precludes a Lawsuit Against the County.

To state a claim under 42 U.S.C. § 1983 against a local government, a plaintiff must allege an actual connection or link between the policies of the governmental entity and the alleged deprivations. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978)

Here, Plaintiff makes no specific factual allegations against the County (apart from claims against the Defendant prosecutors)[11], and therefore fails to meet the *Monell* pleading standard. Therefore, Plaintiff fails to state a claim against Pierce County, and it should be dismissed from this action.

### 5.      The State Court's Vindictiveness Finding is Irrelevant.

Plaintiff is expected to oppose this motion by pointing to the Pierce County Superior Court's criminal case dismissal on prosecutorial vindictiveness grounds that is currently on appeal.[12] Yet absolute prosecutorial immunity extends—by definition—to allegations of vindictive prosecution. "This immunity covers the knowing use of false testimony at trial, the suppression of exculpatory evidence, and ***malicious prosecution***." *Milstein v. Cooley,* 257 F.3d 1004, 1008 (9th Cir.2001) (emphasis added). Thus the state court's ruling of vindictiveness is totally irrelevant to whether prosecutorial immunity applies in this subsequent civil case. The Court can fairly assume vindictiveness for purposes of this

---

[11] Plaintiff may not be making a *Monell* claim at all. In paragraph 2.4 of her complaint, she alleges liability under state law but makes no reference to federal municipal liability. Dkt. No. 3.

[12] On motion to dismiss prosecution based on government misconduct that has allegedly prejudiced rights of defendant, burden is on state to prove beyond reasonable doubt that there was no prejudice to defendant. Wash. Super. Ct. CrR 8.3(b); *State v. Granacki*, 90 Wash.App. 598, 959 P.2d 667 (1998).

**KEATING, BUCKLIN & McCORMACK, INC., P.S.**
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

1  motion and still reach the same result: dismissal of this case in its entirety.

2  Allowing this suit past the Rule 12 phase **would** place an "intolerable burden" on

3  the Defendant prosecutors. *See Van de Kamp v. Goldstein,* 555 U.S. 335, 342 (2009). The

4  Court should enforce this principle in dismissing this lawsuit under Federal Rule of Civil

5  Procedure 12 for absolute prosecutorial immunity.

6  ## VI.    DECLINING SUPPLEMENTAL JURISDICTION

7  The *Dalsing* II complaint contains a state law claim labeled "abuse of process." Dkt.

8  No. 3, ¶ 7.4. Defendants respectfully request the Court also decline supplemental

9  jurisdiction over the pendent state law claim.

10  The doctrine of supplemental jurisdiction "is a doctrine of discretion, not of

11  plaintiff's right." *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 726 (1966).

12  Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental

13  jurisdiction over a state law claim if "the district court has dismissed all claims over which

14  it has original jurisdiction...." 28 U.S.C. § 1367(c)(3). With the federal law claims

15  dismissed, the remaining supposed state law claim would substantially predominate over

16  the matter, and declining supplemental jurisdiction would be the appropriate remedy.

17  ## VII.    CONCLUSION

18  For the reasons stated above, the County respectfully requests the Court dismiss this

19  lawsuit in its entirety and decline supplemental jurisdiction over the remaining state law

20  claim.

21  DATED:  August 19, 2015

22  KEATING, BUCKLIN & McCORMACK, INC., P.S.

23  By:  */s/ Richard B. Jolley*

24  Richard B. Jolley, WSBA #23473
Attorneys for Defendant Pierce County

25  800 Fifth Avenue, Suite 4141
Seattle, WA  98104-3175

26  Phone:  (206) 623-8861
Fax:     (206) 223-9423

27  Email:  rjolley@kbmlawyers.com

DEF'S MOT. TO D.M.- 17
3:15-cv-05520-BHS
1114-00006/178116

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

## CERTIFICATE OF SERVICE

I hereby certify that on August 19, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Attorneys for Plaintiff**

Fred Diamondstone
Law Offices of Fred Diamondstone
1218 Third Avenue, Suite 1000
Seattle, WA 98101-3290
Email: fred@freddiamondstone.com
michael@freddiamondstone.com

and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

N/A

DATED: August 19, 2015

/s/ Richard B. Jolley
Richard B. Jolley, WSBA #23473
Attorneys for Defendant Pierce County
800 Fifth Avenue, Suite 4141
Seattle, WA 98104-3175
Phone: (206) 623-8861
Fax:     (206) 223-9423
Email: rjolley@kbmlawyers.com

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423