UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LYNN DALSING,<br><br>                    Plaintiff,<br><br>        v.<br><br>JARED AUSSERER, individually, MARK LINDQUIST, individually and in his official capacity as Prosecutor, and PIERCE COUNTY, a Municipal Corporation,<br><br>                    Defendants. | CASE NO. C15-5520 BHS<br><br>ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY COUNSEL AND DENYING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS |

This matter comes before the Court on Defendants Jared Ausserer ("Ausserer"), Mark Lindquist ("Lindquist"), and Pierce County's ("County") (collectively "Defendants") motion to dismiss (Dkt. 13); and Plaintiff Lynn Dalsing's ("Dalsing") motion to disqualify counsel from representing all defendants (Dkt. 22). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby denies the motions for the reasons stated herein.

ORDER - 1

## I. PROCEDURAL HISTORY

On July 28, 2015, Dalsing filed a complaint against Defendants asserting civil rights actions as well as a state law action for abuse of process. Dkt. 1. On September 4, 2015, Dalsing submitted an amended complaint that corrected an erroneous date in the original complaint. Dkt. 17-1 ("Comp.").

On August 19, 2015, Defendants filed a motion to dismiss. Dkt. 13. On September 8, 2015, Dalsing responded. Dkt. 18. On September 11, 2015, Defendants replied. Dkt. 20.

On October 8, 2015, Dalsing filed a motion to disqualify counsel. Dkt. 22. On October 19, 2015, Defendants responded. Dkt. 26. On October 23, 2015, Dalsing replied. Dkt. 27.

On October 27, 2015, the Court renoted Defendants' motion to be considered with Dalsing's motion.

## II. FACTUAL BACKGROUND

Although these parties have a history of both civil and criminal litigation, the current motions focus on the decision to reopen the prosecution against Dalsing. After original charges were dismissed, Dalsing filed a civil action in state court. Dalsing alleges that, after some success in her civil action, Pierce County retaliated against her in directing Ausserer to reopen the criminal matter. Comp., ¶¶ 5.3, 6.1. Dalsing alleges that the prosecutor's office engaged in an additional investigation of Dalsing despite an independent prosecutor declining to reopen the investigation. *Id*., ¶¶ 6.2–6.7. On March 27, 2014, Ausserer signed and submitted a supplemental declaration for determination of

probable cause. Dkt. 17-2, Exh. 5. On March 30, 2015, the state court judge dismissed the second prosecution as vindictive. *Id*., ¶ 6.9. This civil action followed.

### III. DISCUSSION

**A.     Motion to Disqualify**

"In determining whether an attorney's representation of a particular client violates the attorney's ethical responsibilities, the Court first refers to the local rules regulating the conduct of members of its bar." *United States ex rel. Lord Elec. Co., Inc. v. Titan Pac. Constr. Corp.*, 637 F. Supp. 1556, 1560 (W.D. Wash. 1986). Attorneys practicing in the Western District of Washington must abide by the "Washington Rules of Professional Conduct (the "RPC"), as promulgated, amended, and interpreted by the Washington State Supreme Court . . . and the decisions of any court applicable thereto." Local Rules, W.D. Wash. LCR 83.3(a)(2). An attorney shall not represent a client if the representation involves a conflict of interest. RPC 1.7.

In this case, Dalsing asserts that a conflict of interest exists between Ausserer and Lindquist and/or the County. Dkt. 22 at 1. While the Court agrees with Dalsing that there is potential for conflicts of interest as this matter proceeds, Dalsing fails to show that there is a glaring, open, or obvious conflict such that the Court has a duty to act. *See In re Yarn Processing Patent Validity Litig.*, 530 F.2d 83, 88 (5th Cir. 1976). For example, Defendants have asserted a conflict-free defense of absolute prosecutorial immunity in their motion to dismiss. If facts are discovered or defenses asserted that raise a conflict that is glaring, open, or obvious such that counsel is acting, or has acted, in a way that is actually against the interests of another represented party defendant, then

Dalsing may reassert her concerns. At this point, however, Dalsing's motion is premature. Therefore, the Court denies Dalsing's motion to disqualify counsel.

### B.   Motion for Judgment

#### 1.   Standard

Federal Rule of Civil Procedure 12(c) allows a party to move for judgment on the pleadings. "Judgment on the pleadings is proper when, taking all the allegations in the pleadings as true and construed in the light most favorable to the nonmoving party, the moving party is entitled to judgment as a matter of law." *Living Designs, Inc. v. E.I. Dupont de Nemours and Co.*, 431 F.3d 353, 360 (9th Cir. 2005). To prevail, the moving party must "clearly establish on the face of the pleadings that no material issue of fact remains to be resolved . . . ." *Hal Roach Studios, Inc. v. Richard Feiner and Co.*, 896 F.2d 1542, 1550 (9th Cir. 1990). In other words, the moving party must show "beyond doubt that the [non-moving party] will be unable to prove any facts to support the alleged claims for relief." *Daniel v. County of Santa Barbara*, 288 F.3d 375, 380 (9th Cir. 2002). The Court may consider documents attached to the complaint as part of the pleadings. *Amfac Mortgage Corp. v. Arizona Mall of Tempe, Inc.*, 583 F.2d 426, 430 (9th Cir. 1978).

#### 2.   Ausserer

Defendants argue that Ausserer is entitled to judgment based on absolute prosecutorial immunity. Dkt. 13 at 5. Dalsing counters that Ausserer is not entitled to this immunity because he acted as a complaining witness and because he acted in an investigative capacity. Dkt. 18. The Court will address each exception.

**a. Investigative Capacity Exception**

As an initial matter for this exception, Dalsing's complaint does not directly assert a cause of action against Ausserer as an investigator. Dalsing's first cause of action is specifically directed towards Ausserer's actions as a complaining witness. Comp., ¶ 7.1 ("First Cause of Action: Malicious Prosecution by Ausserer, as Complaining Witness"). Dalsing, however, states that Ausserer is being sued for "his actions in his capacity as the complaining witness and with respect to his investigative acts and functions, only." *Id.*, ¶ 2.2. Construing the complaint liberally, it is fair to conclude that Dalsing intended to include a cause of action under the investigative capacity exception. Moreover, both parties addressed the issue in the briefing. Therefore, the Court will address the issue despite the absence of a specific claim in the complaint.

With regard to the merits of the issue, "actions of a prosecutor are not absolutely immune merely because they are performed by a prosecutor." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). "When a prosecutor performs the investigative functions normally performed by a detective or police officer," he is not entitled to absolute immunity. *Id.*

> To determine whether a state law enforcement officer or a prosecutor is entitled to qualified, as opposed to absolute, immunity a court must decide whether the alleged unconstitutional conduct occurred during the performance of an investigative function. Examples of when a law enforcement officer performs an investigative function include gathering physical evidence and conducting interrogations to determine whether a crime has been committed and whether probable cause exists to arrest a suspect.

*Broam v. Bogan*, 320 F.3d 1023, 1031 (9th Cir. 2003).

In this case, Dalsing fails to allege that Ausserer acted as an investigator. Dalsing, however, does allege that the Prosecutor's Office took over the investigation and contracted with an outside forensics' company. Comp., ¶ 6.6. Taking the allegations and inferences in the light most favorable to Dalsing, there exists a question of fact whether Ausserer participated in this investigation. Defendants must show that it is "beyond doubt" that Dalsing will not be able to prove facts to support her claim. Based on the allegations, the Court is unable to conclude that Ausserer did not participate in this additional investigation. Although the investigation "produced no images of evidentiary value," the issue before the Court is whether Ausserer is entitled to absolute immunity. For the purpose of ruling on a motion for dismissal under Federal Rule of Civil Procedure 12(c), Plaintiff has pled sufficient facts alleging Ausserer participated in an investigation outside of his traditional prosecutorial function, and therefore the Court is unable to conclude at this stage of the case that Ausserer is entitled to absolute immunity. The question of qualified immunity is not before the Court and remains an open question. Therefore, the Court denies Defendants' motion on this issue.

          **b.**    **Complaining Witness Exception**

§ 1983 provides a cause of action against a prosecutor when the prosecutor performs "the function of a complaining witness." *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997). A prosecutor "is absolutely immune from any suit challenging [his] decision to prosecute or seek an arrest warrant, but can be sued if [he] changes 'functional categories' by providing personal testimony to the Court." *Id*. at 135 (J. Scalia, concurring).

In this case, Dalsing alleges that Ausserer acted as a complaining witness by submitting false information as well as omitting relevant information. Dalsing's allegations based on "judicial deception" and the omission of information are easily dispensed with because the law is clear that prosecutors are entitled to absolute immunity no matter how absurd or unethical the allegations are in the complaint. *See*, *e.g.*, *Prince v. Wallace*, 568 F.2d 1176, 1178–79 (5th Cir.1978) (per curiam) (absolute immunity for prosecutor's actions in "initiating and pursuing a criminal prosecution and in presenting the state's case . . . even where the prosecutor knowingly used perjured testimony, deliberately withheld exculpatory information, or failed to make full disclosure of all facts"); *Warney v. Monroe Cnty.*, 587 F.3d 113, 115 (2d Cir. 2009) (withholding of exculpatory DNA test "integral to the advocacy function" and thus subject to absolute prosecutorial immunity). Thus, Ausserer is entitled to absolute immunity for the majority of Dalsing's allegations. The act of attesting to facts, however, is not as straightforward.

The Supreme Court recognized that "neither federal nor state law" requires a prosecutor to make a certification under penalty of perjury. *Kalina*, 522 U.S. at 129. Although Defendants dispute exactly what facts Ausserer attested to, Ausserer still provided personal testimony to the court. He at least attested to what was provided to him by the "police report and/or investigation" and may have attested to evidence obtained through his own investigation as set forth above. Defendants cite two Washington state appellate court cases holding that similar language entitled the prosecutor to absolute immunity, but neither case is binding or persuasive. Dkt. 20 at 2–3 (citing *Wright v. Pierce Cty.*, 2015 WL 5102427 (Wash. Ct. App. Aug. 31, 2015) and

*Dalsing v. Pierce County*, 70455-9-I, at *10 (Wash. Ct. App. December 18, 2013)). In both of these cases, the courts made factual findings as to what the prosecutor actually attested to. *See*, *e.g.*, *Wright*, 2015 WL 5102427 at *3 ("Contrary to [the plaintiff's] allegation, [the prosecutor] did not swear to the truth of the forensic evidence that [the plaintiff's] saliva was found on the victim's chest."). While the Court may be able to reach a similar finding on summary judgment or at trial, such a finding goes beyond the scope of review for a motion to dismiss. In other words, Defendants have failed to establish that Ausserer did not act as a complaining witness, as alleged in the complaint. Therefore, the Court denies Defendants' motion as to Ausserer.

### 3. Lindquist and the County

Although Defendants move for judgment on the claims against Lindquist and the County, the briefing is substantially lacking. Dalsing asserts claims against Lindquist in both his individual and official capacity. With regard to the latter, "[a] suit against a governmental officer in his official capacity is equivalent to a suit against the governmental entity itself." *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991). Lindquist is "liable in his official capacity only if policy or custom or a one-time decision by a governmentally authorized decisionmaker played a part in the violation of federal law." *Id.* (internal citations and quotations omitted). It is unclear from the current briefing whether the alleged decision to re-prosecute Dalsing comes under the category of a one-time decision that led to the constitutional violation. At the very least, Defendants bear the burden and, at this time, have failed to show that Lindquist, in his official capacity, and the County are entitled to a dismissal. Defendants have also failed to show,

at this time, that absolute immunity applies to official capacity claims. Therefore, the Court denies Defendants' motion on this issue.

With regard to Dalsing's claim against Lindquist in his individual capacity, he is liable if he "set in motion a series of acts by others, or knowingly refused to terminate a series of acts by others, which he knew or reasonably should have known, would cause others to inflict the constitutional injury." *Id.* Dalsing alleges that Lindquist set in motion a series of acts by Ausserer that resulted in constitutional injury. Whether Lindquist is entitled to absolute immunity for such an individual supervisory act is not sufficiently briefed or argued. In his reply, Lindquist cites *Kulwicki v. Dawson*, 969 F.2d 1454, 1465 (3d Cir. 1992), where the court held that a prosecutor was entitled to absolute immunity for directing a police officer to file charges against an individual. While this authority seems to support Lindquist's position, Dalsing did not respond to this argument because it was presented in the reply brief. In light of the limited briefing, the Court concludes that Defendants have failed to meet their burden at this stage on these questions. Therefore, the Court denies Defendants' motion on this issue.

# IV. ORDER

Therefore, it is hereby **ORDERED** that Defendants' motion to dismiss (Dkt. 13) and Dalsing's motion to disqualify counsel from representing all defendants (Dkt. 22) are **DENIED.**

Dated this 23rd day of November, 2015.

BENJAMIN H. SETTLE
United States District Judge